ELIZABETH A. HAGANS *et al* v. H. B. HUFFSTELLER, Adm'r. of HIRAM HAGANS.

Before entering the Confederate service, A. placed in the hands of B. Confederate currency to be applied to the support of A.'s family.    The latter died in December, 1862, when B. administered upon his estate, paid off the debts of his intestate, and retained *in kind* the money deposited with him by A.: *Held*, that B. was not liable for the value of said currency.

Civil action tried before *Logan, J.*, at Spring Term, 1871, of GASTON Superior Court.

The plaintiffs are two of the next of kin of the defendant's intestate, and brought this action to recover their distributive share of said estate.    Upon the coming in of defendant's answer to the plaintiffs' complaint, it was referred to the Clerk of the Superior Court to take an account, &c.

The facts were, that one Hiram Hagans in August, 1862, placed in defendant's hands about $1,200 in Confederate currency, to be applied to the support of his family as their wants required, or as he (Hagans) directed.    At the time of said transaction the said Hagans entered into the Confederate service, and was killed in December, 1862.    In February, 1863, the defendant administered upon the estate of Hiram Hagans, and

applied a part of said Confederate currency which he had received from his intestate, and which he had not expended in the life time of decedent for the support of his family, to the payment of his debts.    The remainder he exchanged for the new issue of Confederate currency at the passage of the act causing said money to be funded, &c.

The referee charged defendant with the value of said currency, and upon an exception filed thereto, his Honor overruled said exception, and gave judgment against the defendant. Appeal.

*Bynum,* for plaintiff.
*Hoke,* for defendant.

READE, J. The intestate of the defendant, upon going into the army deposited with the defendant a sum of Confederate money, to hold and give out to the family of the depositor as they might need it.    The defendant did so as long as the depositor lived.    At his death the defendant qualified as administrator upon his estate, and the same money was then on hand in kind.    There was certainly no default on the part of the defendant up to this time, February, 1863.

After qualifying as administrator, he paid off all the debts of the estate ; paid the widow's year's support, and settled with all the distributees except the plaintiffs, one of whom was in the army, and did not call for his share, and the other was a minor.    Their shares consist of a portion of the same money which was on hand, and it died on the administrator's hands at the end of the war.

The defendant was in no default, but in all things did his duty, both as the agent of the intestate in his life time, and as administrator of his estate, and there is no principle upon which he can be charged.

There is error.

PER CURIAM.                        Judgment reversed.