CLERK'S OFFICE *vs.* HUFFSTELLER *et al.*

An undertaking on appeal, given under secs. 303 and 414 of C. C. P., though not so expressed, is, by implication, taken to be made with the appellee.

Such undertaking secures the costs of the appellee, but not those of the appellant. Therefore, when there was judgment in the Supreme Court in favor of the appellant, his sureties are not liable on their undertaking for his costs, when such costs cannot be made out of the appellee, or their principal.

Prosecution bonds, and undertakings on appeal, being sent up as part of the record, summary judment may be taken upon them, as before the adoption of C. C. P.

[*Hagans* v. *Huffsteller.*, 65 N. C. 443.]

Rule in this Court upon the sureties of an appellant, to show cause why they shall not pay his costs, judgment having been rendered here in his favor.

The opinion of the Court contains a sufficient statement.

*Bailey* and *Schenck,* for the defendant.
*W. N. H. Smith, contra.*

PEARSON, C. J. In the case, *Hagans* v. *Huffsteller*, 65, N. C. 443, there was judgment in favor of Huffsteller, who was the appellant. The rule is against the sureties of Huffsteller, to show cause why they shall not pay the costs of Huffsteller in this Court, on the ground that these costs cannot be made either out of Hagans, or Huffsteller. The clerk insists that the sureties of the appellant, under these circumstances, should pay the costs. His reasoning is, that if the appellant had paid money into office in place of the undertaking, the costs would have been retained out of the money; *ergo*, the costs should be made good by the sureties. This is a *non sequitur*; for the money would have been that of the appellant; but when he gives the undertaking as required by C. C. P., there is no money in the office, and if it is made, it must come out of the sureties, which they insist is " more than they bargained for."

Either the undertaking is void, or else it must be by implication, a promise made to the appellee.

In taking an appeal, under the old mode of procedure, a bond, with sureties, *payable to the adverse party*, with condition, &c., was required. The Code of Civil Procedure substitutes " an *undertaking* " in the place of a bond, and omits to direct, in express terms, *to whom or with whom the undertaking is to be made*. No one has ever suggested to me the reason for making this change, nor have I been able to conceive of one, although I am to assume there was some sufficient reason. Justice Rodman, who was of the Code Commission, informs us that the idea is borrowed from the procedure in courts of admiralty, where " the libel " being against a thing, the undertaking is " with all whom it may concern." However this may be, a prosecution bond payable to nobody, and an undertaking for an appeal made with nobody, is a novelty at the common law.

This raises the question, in courts proceeding according to the course of the common law, are the prosecution bonds and

the undertaking for appeals void for want of an obligee in the bond, and of a party with whom the undertaking is made in cases of appeal? This rule is so clearly based on common sense, that it has become a common saying, "It takes *two* to make a bargain." There is no statute which essays to abrogate this rule of the common law, and it may well be doubted whether it does not exceed the power of legislation to enact, that property may be conveyed without a grantee, or that a contract or "undertaking" shall be valid when the contract is made with no one.

So these "undertakings" are all of no legal effect, unless the Court can, by implication, supply a person with whom the undertaking is made, and we have come to the conclusion that there is an implication, that the undertaking is made to the opposite party; therefore, we take it, that the undertaking on an appeal is made with the appellee. C. C. P. sec. 414, 303; "A written undertaking must be executed on the part of the appellant by at least two sureties, to the effect, that the appellant will pay all costs and damages, which may be awarded against him on the appeal, &c.," "Such undertaking or deposite may be waived by a written consent on the part of the respondent." In passing, it may be remarked, this last clause which allows the undertaking to be waived by "*the respondent*" or, as we term it, "appellee," seems to confirm our conclusion, that the undertaking is supposed to be made with "the respondent," or appellee.

Take it then, that the undertaking is not void, but is made with the appellee, and that the sureties are bound to pay all costs and damages, *which may be awarded against the appellant.* As judgment was rendered in his favor, no costs or damages have been awarded against the appellant, and the sureties are not bound to pay any thing, by the terms of the undertaking.

The bond, given at the issuing of the summons, secures to the defendant his costs; no provision is made requiring secu-

rety for the plaintiff's costs. The undertaking given on an appeal secures to the appellee his costs; no provision is made requiring security for the cost of the appellant.

In our case we can find no ground, however much disposed to do so, on which we can aid the clerk by fixing on the sureties for the appeal the costs of the appellant. The appellee may waive an appeal bond. This shows that the appellant is not required to secure his own cost.

The question was mooted at the bar, whether, as the Code makes no provision for taking summary judgments on motion, the party is not put to his civil action, to get judgment on prosecution bonds and undertakings for appeals. So much of the Revise Code, as is not inconsistent with or superseded by the Code of Civil Procedure, is still in force; it follows, that prosecution bonds and "*undertakings*" for appeals, which are a substitute for appeal bonds, are sent up to this Court as part of the record, and a summary judgment may be taken as was done before C. C. P.

Per Curiam.                                        Rule discharged.