State on relation of ISAAC JACKSON and others v. W. Q. MAULTSBY and others.

*Superior Court Clerk--Ac'ion on Sheriff's Bond for Recovery of Costs*

An action can be maintained by the Clerk of a Superior Court in his own name upon the official bond of the sheriff, for the recovery of costs accrued in such Court and collected by the sheriff, and due and payable to said Clerk *and others*.

( *Clerk's Office* v. *Allen,* 7 Jones 156; *Officers* v. *Taylor,* 1 Dev. 99; *Merritt* v. *Merritt,* 1 Hayw. 20; *Superior Court Office* v. *Lockman,* 1 Dev. 146, cited and approved )

CIVIL ACTION upon an Official Bond tried at Fall Term, 1877, of COLUMBUS Superior Court, before *Moore, J.*

This action was brought by Isaac Jackson, former Clerk of the Superior Court of Columbus County, against W. Q. Maultsby, former Sheriff of said County, and the sureties on his official bond, to recover certain costs due the plaintiff and sundry other persons who were witnesses in various suits, and the Sheriff who preceded the defendant in said office. Upon the hearing, His Honor being of opinion that the Clerk could only recover the costs due him, and that all the other parties entitled to costs as set out in the complaint must bring their separate actions to recover the same, gave judgment for the plaintiff, Jackson; and refused to give

judgment for the costs due the witnesses &c. From this ruling the plaintiffs appealed.

*Messrs. Battle & Mordecai,* for plaintiffs.
*Messrs. A. T. & J. London,* for defendants.

BYNUM, J. The conditions of the Sheriff's bond are; "That he shall well and truly execute and due return make, of all process and precepts to him directed, and pay and satisfyall fees and sums of money by him received or levied by virtue of any process, into the proper office, into which the same by the tenor thereof, ought to be paid, or to the person or persons to whom the same shall be due," &c.

The Sheriff collected the moneys due upon the executions, but failed to pay over to the witnesses and other parties entitled, or to the Clerk of the Court to whom the moneys were payable by the conditions of the bond. This was a breach which made the Sheriff liable to an action, and the question is, whether the Clerk can maintain the action, as well for the beneficiaries under the executions, as for himself. If the Sheriff does not pay it to the parties themselves, the law requires that all sums collected on executions shall be paid into the Clerk's office, and it is made the Clerk's duty to disburse the money to the persons entitled. Hence, witnesses and others do not look to the Sheriff, but to the Clerk, for their fees. It is far less expensive and more convenient, both to the Sheriff and suitors, witnessss and others, that one person in behalf of all, should by a single action upon the bond recover what is due to many, than that a several action should be brought by a host of witnesses, each suing for himself. These costs are generally due to very many persons, in small sums, ranging from less than a dollar, to a few dollars, but amounting in the aggregate, as here, to a large sum. If these parties, generally poor persons, were compelled each to bring an action against the

Sheriff, it is very obvious that he would seldom be sued, and would be permitted to pocket large sums with impunity. The present case affords an apt illustration. But for this action by the Clerk, the Sheriff would probably never be called to an account. It is true the Clerk here is only entitled in his own right to a part of the sum sued for, but by the terms of the bond in suit, and by the provisions of law, he is legally entitled to the possession of the whole. The action is in behalf of the others, who are all named in the complaint, as the persons in whose behalf he sues. There are analogous precedents. In *Clerk's office* v. *Allen,* 7 Jones 156, the plaintiff was ordered to pay certain costs of witnesses and fees of Sheriff and Clerk. It was held that an action could be maintained in the name of the Clerk's office, against the party liable, So in *Officers and others* v. *Taylor,* 1 Dev. 99; *Merritt* v. *Merritt,* 1 Hayw. 20; *Superior Court Office* v. *Lockman,* 1 Dev. 146. In these cases it was held that the name of the Clerk's office, as plaintiff, was a mere formality, the substance being that the costs and fees due the officers and witnesses should be collected in the most speedy and inexpensive way. It is true that by the provisions of law, Bat. Rev. ch. 80, § § 10, 11, suit may be brought upon the bond by any party injured, and that any of the parties for whose benefit this action was instituted by the Clerk, could have maintained the action; but this one action for the benefit of all, is so much the more convenient and proper, that the Court would be reluctant to interpose against it, any mere technical objections. When we look at the complaint however the action is in substance, " the State upon the relation of Jackson and others, against Maultsby and others," and is in conformity to law.

There is error.

PER CURIAM.            *Venire de novo.*