E. A. and R. C. PERKINS et al. v. B. A. BERRY, Adm'r.*

*Judgments—Exceptions to Evidence and to Report of Referee— The Code, § 422—Joinder of Uninterested Party as Plaintiff— Statute of Limitations—Creditor's Bill; when Heirs of Decedent Necessary Parties.*

1. Where a judgment absolute is rendered against executors, fixing them with assets, and they pay it, their personal representatives cannot afterwards recover the amount thus paid out of the estate of their testator.

2. An exception to the admission of evidence by a referee, after objection, which is not specific. but is vague and indefinite in form, will not be considered.

3. Where the report of a referee designates certain claims which he finds to be valid against the defendant, as claims of "officers of the Court": *Held*, that such designation sufficiently points out the Clerk to whom payment is to be made.

4. Under *The Code*, § 422, a referee has power to admit new parties to an action.

5. It is wholly immaterial that an uninterested party is united with the true owner as plaintiff, in an action to recover a debt, because a reception of payment by either plaintiff would be with the assent of the other.

6. That the referee has not reported *all* the evidence taken during the trial before him is not a ground of *exception*. If all the evidence is not sent up, the remedy of the prejudiced party is, by application to the Judge for an order directing the referee to send up that which has been omitted.

7. The issue of execution every three years on a judgment against executors will repel the bar of the statute of limitations.

8. Where, in a creditor's bill against the personal representative, it is sought to have the lands of decedent sold for the satisfaction of the debts proven, the real representatives of decedent must be made parties, before any judgment subjecting the real estate can be entered.

* AVERY, J., did not sit.

CIVIL ACTION, tried, by consent, before *Clark, J.,* at Chambers, upon exceptions to the report of a referee, in an action pending in the Superior Court of BURKE County.

Both sides appealed.

The facts are stated in the opinion.

*Messrs. J. T. Perkins, J. B. Batchelor* and *I. T. Avery,* for the plaintiffs.

*Mr. S. J. Erwin,* for the defendant.

SMITH, C. J.    This action is prosecuted by the plaintiffs in behalf of themselves and all other creditors of John Sudderth, deceased, against the defendant, his administrator *de ·bonis non,* with the will annexed, for an account and settlement of the testator's estate, and the payment of their several debts.    The deceased died in February, 1865, leaving a will, which has been admitted to probate, appointing three executors, to-wit, W. S. Sudderth, John R. Sudderth and Joseph Corpening, all of whom qualified as such, and entered upon and proceeded to discharge the duties and trusts imposed.    In March, 1874, the executor John R. Sudderth died intestate, and without committing any waste, having properly applied the assets that came into his hands. In like manner the executor Joseph Corpening died intestate, in the year 1883, without having completed his administration, as did the sole surviving executor two years thereafter, also intestate, leaving the administration incomplete.

On the 25th day of May, 1885, after a controversy and final adjudication thereof in regard to the party entitled, letters of administration *de bonis non* issued to the defendant.    At Fall Term, 1888, was entered the following order of reference:

"This cause coming on for hearing, a jury trial being waived, it is, by consent of counsel for plaintiffs and defendant, referred to T. G. Anderson, Esq., with leave to plaintiffs

to amend their complaint within twenty days, and leave to defendant to amend answer in ten days after filing of amended complaint. The said referee to find and pass upon all matters of fact or law, without prejudice, however, to the defendant's plea of the statute of limitations, all rights of defendant under said plea being reserved, and all other matters by consent referred. Said referee to report his findings of fact and conclusions of law to the Judge presiding of this Court at Chambers, in Marion, McDowell County, on Tuesday of the first week of the Superior Court of McDowell County, where the same is, by consent, to be heard before Hon. Walter Clark, Judge presiding Tenth District."

The complaint and answer were amended accordingly, and several new parties having been admitted into the action, on their application to the referee, he proceeded with the execution of the order, and made his report, so much of which as is necessary to the proper understanding of the rulings of the Court and the exceptions thereto, brought up for review, is produced.

In the progress of the cause various other creditors were admitted as plaintiffs, all of whom filed evidence of their debts. An object of the suit is also to have the lands left by the intestate, and which are of great value, sold to supply any deficiency in the personal estate to meet the outstanding liabilities of the testator, and to compel the defendant, who has no assets himself, when the indebtedness is ascertained and the value of the personal estate available for the payment, to institute proper proceedings for the sale of the devised lands, or so much as may be required, for conversion into assets, to be applied to the deficiency.

The referee reported the following facts as admitted by the parties:

" I find from admissions in evidence and from pleadings—

"1. That John Sudderth died in Burke County, State of North Carolina, in the month of February, 1865, leaving a

last will and testament in which John R. Sudderth, W. S. Sudderth and Jos. Corpening were appointed executors, and soon thereafter, in the year 1865, they qualified as executors.

" 2. That John R. Sudderth died on the first day of March, 1874; Jos. Corpening, on the — day of ——, 1883, and W. S. Sudderth, on the 18th day of March, 1885, without having fully administered said estate, and B. A. Berry was appointed administrator *d. b. n.* of said John Sudderth on the 25th day of May, 1885, and no final account has ever been filed or final settlement made of said estate.

" 3. That there is not and ought not to be any personal property whatever in the hands of B. A. Berry, administrator *d. b. n.*, with which to pay debts of said estate, and that John Sudderth died seized of, and there is now in the hands of his devisees, real estate and outlying lands sufficient to pay off all indebtedness of said estate."

Then, after enumerating a number of the claimants whose debts are not disputed by the defendant, and whose amounts are specified, the referee proceeds to find the facts and the law arising on each, except the operation of the statute of limitations and the effect of the lapse of time, which we give in the words of his report:

" As to the claims of C A. Little, administrator of Joseph Corpening, and R. J. Hallyburton, administrator of W. S. Sudderth, which claims are embodied in one and founded upon the same facts, I find from the evidence, and from the records introduced in cases of John Haigler *et al. v.* Executors of John Sudderth, and T. G. Walton, administrator of Robert Slough, *v.* Sudderth Executors, the following facts: That in 1882, T. G. Walton, administrator of Slough, brought suit against Jos. Corpening and W. S. Sudderth, surviving executors of John Sudderth, for legacy of $1,000 bequeathed to said Slough by said John Sudderth, and recovered judgment against said W. S. Sudderth and Jos. Corpening, surviving executors as aforesaid, fixing them with the sum of

$1,941.38 as assets in their hands as executors of said estate, and that plaintiff do recover of defendant executors the sum of $1,000, to be paid out of the assets belonging to the estate of John Sudderth found to be in the hands of defendant executors, and that he do recover of defendants individually the sum of $1,000, and that upon failure of defendants to pay said sum and interest out of the assets in their hands belonging to the estate of John Sudderth in ninety days, that plaintiff have execution against the lands and tenements, goods and chattels, of defendants individually, for said amount and for cost.

"And that thereafter, on the 14th September, 1882, defendant executors borrowed from one Joshua Kidd the sum of $2,000, giving him their note as executors and authorizing an assignment to him, as collateral security, of the Slough judgment, which was assigned, said loan being to pay said judgment ; and thereafter, on the 12th of June, 1883 (Jos. Corpening having died and C. A. Little having been appointed his administrator), Joshua Kidd was repaid said sum and interest by W. S. Sudderth, executor, and C. A. Little, administrator of Joseph Corpening, and the judgment held by Kidd as collateral security was receipted, satisfied and discharged by him ; and the claim of C. A. Little is for $1,714 of said amount paid by him as administrator, and the claim of R. J. Hallyburton (who has since been appointed administrator of W. S. Sudderth) is for $326 of said amount paid by W. S. Sudderth on said note; which claims I find, as matters of law, to be not valid nor subsisting claims, but no claims whatever, the said judgment being absolute, and an individual judgment fixing the executors with assets being *de bonis testatoris, si non de bonis propriis.*

"As to the claim of J. R. Martin, I find that a Justice's judgment was rendered in favor of W. E. Powe, executor, and against W. S. Sudderth and Jos. Corpening, in the sum of $154.80, with interest from 10th September, 1870, till paid,

and cost, on the 10th day of September, 1870, which judgment was assigned to John R. Martin by W. E. Powe, executor, for value received, on 17th August, 1875, and on said judgment is a credit of $50, paid to J. R. Martin by W. S. Sudderth, executor, on 15th March, 1880, and on said judgment executions have issued within the space of every three years regularly since 1870. And I find as a matter of law, that said judgment is a valid and subsisting claim for the amount of $104.80, cost, against the estate of John Sudderth, unless barred by the statute of limitations, which was not referred to me to pass upon.

"As to the claim of E. A. and R. C. Perkins, I find that judgment was rendered on 25th of October, 1869, in the Superior Court of Burke County, in favor of T. G. Walton and against W. S. Sudderth, individually, and against W. S. Sudderth and Joseph Corpening and R. C. Pearson's administrators, in the sum of $1,129.97, with interest on $728.20 from 25th of October, 1869, till paid, and cost; and, after several credits on the judgment, W. S. Sudderth, the executor, borrowed of R. C. Perkins the sum of $300, and said judgment was assigned, to the amount of said sum of $300, to R. C. Perkins by T. G. Walton, to secure the payment of the same, and said $300 was paid to Walton on said judgment. I find that executions have issued regularly on said judgment within the space of every three years, and sundry payments have been made on said judgment by W. S. Sudderth to R. C. Perkins, as follows: November 17, 1877, $40; April 15, 1879, $25; March 6, 1880, $20; February 5, 1883, $50, leaving a balance of $165, and cost, due on said judgment, which I find, as a matter of law, to be due and owing said R. C. Perkins, and constituting a valid and subsisting claim against the estate of John Sudderth, deceased, unless the same is barred by the statute of limitations; and I find that E. A. Perkins has one-half ($\frac{1}{2}$) interest therein, the two,

E. A. and R. C. Perkins, holding all their property in common, and said judgment is *quando*, and on a cause of action arising prior to 1st July, 1869.

"As to claim. of R. J. Hallyburton, I find, from the uncontradicted testimony of R. J. Hallyburton, that he was employed by W. S. Sudderth and Joseph Corpening, executors, to do some surveying for John Sudderth's estate, for which he was to receive $2 per day, and that he worked seventy days and received $63 60, and the work was done in 1882, 1883, 1884 and 1885. I further find that part of the work he did for W. S. Sudderth, executor, was for Sudderth, partly, as agent for the Erwin heirs and Mrs. John McDowell, and that, as executor of John Sudderth, W. S. Sudderth acted as agent of the Erwin heirs and Mrs. McDowell, and that all the work he did for Sudderth, as executor alone, took only one day's time; all of which I find from the testimony of R. J. Hallyburton. And, upon the foregoing facts, I am of opinion, and find as matters of law, that the estate of John Sudderth is not liable for the work engaged to be done by W. S. Sudderth, executor, as agent of Erwin heirs and Mrs. McDowell, and, therefore, find the claim of R. J. Hallyburton to be valid and subsisting for the one day's work which he did for the estate alone, amounting to $2.

"As to the claim of the officers of the Court in case of R. & M. Hennessee, I find that judgment was rendered in their favor and against W. S. Sudderth and Joseph Corpening, executors of John Sudderth, for the sum of cost at Spring Term, 1869, of Burke Superior Court, and that executions have issued regularly thereon within every three years, and that the sum of $13.25 is now due and owing thereon, which said sum I find, as matter of law, to be a valid and subsisting claim against the estate of John Sudderth, unless barred by the statute of limitations. And I further find that cause of action on which judgment was recovered as aforesaid arose prior to the 1st day of July, 1869.

"As to the claim of officers of the Court in Allen Berry *v.* Sidney Deal, and W. S. Sudderth and Joseph Corpening, executors of John Sudderth, I find the judgment was rendered at Spring Term, 1881, Burke Superior Court, in favor of said plaintiff and against said defendants, for cost, and the sum of $81.45 is now due on said judgment, unless it is barred by the statute, which sum I find to be a valid and subsisting claim against the estate of John Sudderth, unless barred by the statute.

"As to claim of officers of Court in Fannie and Barbara Huffman *v.* The Executors of John Sudderth, I find that judgment was rendered at November Term, 1877, of Burke Superior Court, in favor of said plaintiffs and against the executors of John Sudderth and J. C. McDowell and wife and J. H. Pearson for costs, and that executions have issued regularly thereon within the space of every three years; and I find from Wakefield's report, page 52, that said cost was admitted by executors, and found to be outstanding against said estate, and the sum of $117.20 is amount now due thereon, which said amount I find to be a valid and subsisting claim against estate of John Sudderth, unless barred by the statute of limitations.

"As to the claim of the officers of the Court in case of Joshua Kidd, I find that judgment was rendered in favor of said plaintiff and against the executors of John Sudderth for cost, and that execution has issued on said judgment regularly within the space of every three years, and the amount of cost now due is $48.85, which sum I find, as a matter of law, to be a valid and subsisting claim against the estate of John Sudderth, unless barred by the statute.

" In the claim of officers of the Court in case of Jas. Harper's Executors *v.* John Sudderth's Executors, I find that judgment was rendered in favor of said plaintiffs and against said defendant's executors at Spring Term, 1869, Burke Superior Court, for cost; that the amount of costs now due thereon is

$25.10, which judgment (as are all the above claims of the officers of the Court) is acknowledged by the executors to be valid, on page 52, Wakefield's report, and which amount I find, as matter of law, to be a valid claim against the estate of John Sudderth, unless barred by the statute of limitations; and I further find that the cause of action upon which said judgment is founded arose prior to 1st July, 1869.

"As to claim of officers of the Court in case of John Sudderth's Executors v. Woodward & McNeely, I find that judgment was rendered in favor of said plaintiffs and against said defendants, at Spring Term, 1869, of Burke Superior Court, for the sum of _____ and cost, and that executions have issued regularly within every three years, from 1874, on said judgment, and returned 'nothing made'; that defendants are insolvent and nothing can be made out of them, and plaintiffs' cost in said judgment is $10.60, and the cost of the officers of the Court is $10.60, which amount I find, as a matter of law, to be a valid and subsisting claim against the estate of John Sudderth, unless barred by statute; and I further find that the cause of action on which said judgment was rendered arose prior to 1st of July, 1869.

"As to claim of officers of the Court in Sudderth's Executors v. Leander Powell, I find that judgment was rendered in favor of said plaintiffs and against said defendants at Spring Term, 1869, of Burke Superior Court for cost, and the sum of $11.50 is plaintiffs' cost incurred therein; that executions have issued on said judgment regularly within every three years since 1875, and returned 'nothing made,' and said Leander Powell is insolvent; wherefore, I find, as matter of law, that officers of Court have valid and subsisting claims against plaintiffs for said sum of plaintiffs' cost, $11.50, unless barred by the statute. And I further find, that the cause of action upon which said judgment was rendered arose prior to 1st July, 1869.

" As to claim of officers of Court in case of John Sudderth's Executors *v.* Hunt & Murdock, I find that judgment was rendered at Fall Term, 1869, in favor of said plaintiffs and against said defendants for ____ and costs; that executions have issued regularly thereon within every three years, and returned 'nothing made;' that defendants are insolvent, and that the sum of plaintiffs' cost therein is $19.45, which sum I find, as a matter of law, to be a valid and subsisting claim against the estate of John Sudderth, unless barred by the statute.

"As to claim of officers of Court in Sudderth's Executors *v.* Moses & McNeely, I find judgment was rendered for plaintiffs and against defendants at Spring Term, 1869, of Burke Superior Court; that executions have issued regularly thereon within the space of every three years, and returned 'nothing made;' that defendants are insolvent; that amount of plaintiffs' cost is $19.70, for which sum I find, as a matter of law, that said officers of Court have a valid and subsisting claim against the estate of John Sudderth, unless barred by the statute; and I find said cause of action on which said judgment was rendered arose prior to 1st July, 1869.

"As to claim of officers of Court in Sudderth's Executors *v.* W. F. McKesson, I find that judgment was rendered for plaintiffs and against defendant in Burke Superior Court, for ____ and costs, and executions have issued regularly thereon within the space of every three years, and returned 'nothing made;' that defendant is insolvent; that plaintiffs' cost is $12.50, for which amount I find the officers of Court have a valid and subsisting claim against the estate of John Sudderth, unless barred by the statute. Said judgment was rendered at Spring Term, 1882.

" I further find, in regard to the appointment of B. A. Berry, administrator *d. b. n.* of John Sudderth, from examinations of records in C. A. Little *et al. v.* B. A. Berry, administrator, that said appointment was appealed from and went

to the Supreme Court, where it was finally decided in favor of Berry, and judgment rendered in accordance, at Fall Term, 1886, of Bu·ke Superior Court.

"I further find, that S. T. Pearson was appointed receiver of the estate of John Sudderth on the 28th day of January, 1885—W. S. Sudderth having been restrained and enjoined from meddling with said estate, and ordered to file bond as executor or show cause why he should not be removed, and said W. S. Sudderth died pending the said hearing."

Of the four exceptions taken by the plaintiffs, to the referee's report, only one, No. 3, is overruled, and that is, in substance, as follows: The finding in reference to the claim of R. J. Hallyburton, that, in his charge for surveying, he was entitled to charge the testator's estate for one day's work only, is contrary to the evidence, which shows that the entire service rendered, during the seventy days while he was thus engaged, was at the instance of the executors, and the estate should pay at least one-half of the sum charged, the testator being a joint owner of the land surveyed, with Erwin and McDowell.

The findings, under the terms of the consent reference, are conclusive upon all matters of fact, and the referee expressly reports that, while the surveyor's work was done at intervals in four years time, the executor W. S. Sudderth was, at the same time, acting as agent of the Erwin heirs and for Mrs. John McDowell, in giving him employment, and that the surveying for the testator's estate took but a single day. This he derives from the testimony of Hallyburton himself.

Assuming that the surveyor was employed by the said W. S. Sudderth, in the twofold capac·ty stated, with no proof of a joint contract, the division of the debt was proper.

Exceptions of C. A. Little, administrator of Joseph Corpening, and of R. J. Hallyburton, administrator of W. S. Sudderth:

These parties, whose claims rest respectively upon the same facts, and whose exceptions are to one and the same ruling, object to the exclusion of their claims from the general indebtedness, for the assigned reason, that the judgment rendered against the executors *was personal and absolute*, and charged them with the possession of assets sufficient to meet it. This, it is insisted, is in conflict with the record produced in the action of Haigler and Sudderth, in which every heir, devisee, next of kin and executor of John Sudderth were before the Court, and the debt was adjudicated a valid and subsisting debt due from the testator's estate.

The facts upon which the ruling complained of was made are set out fully in the referee's report, and his conclusions of law seem reasonable and just.

The action was for the recovery of a *pecuniary legacy*, bequeathed by John Sudderth to one Slough, the plaintiffs' intestate, and not for any *indebtedness of the testator*, and his executors are fixed with assets for its payment. It was adjudged, moreover, that the plaintiff have execution, if the judgment be not paid in ninety days out of the trust effects, against the *individual property* of the defendants. The defendants afterwards borrowed the money with which to pay the judgment, giving their note *as executors,* but, in law, a personal obligation, to secure which the plaintiff creditor, to whom the money was paid, assigned the judgment. W. S. Sudderth, executor, and C. A. Little, administrator, of the deceased executor, Joseph Corpening, subsequently discharged the loan note held by Kidd, who thereupon discharged the judgment assigned as collateral security. The claim now preferred is for $1,714 of the amount, by Little, and for $326, the residue, by Hallyburton, who has administered since on the estate of W. S. Sudderth. The demand has no support in law, and the action of the Court in overruling the exception must be sustained.

The defendant's exceptions, eleven in number, are all overruled, except two, to amend which leave is granted, and these also when so amended as to remove the objections entered to their forms.

*First Exception.*—This is directed to the hearing of testimony from the plaintiffs who instituted the suit—R. J. Hallyburton, an admitted party, and S. T. Pearson, Clerk of the Court—in regard to personal transactions and communications with the deceased executors, W. S. Sudderth and Joseph Corpening, during their lives. If there be any force in the objection to the testimony as delivered, inasmuch as it is not specified so that the Court can see that it comes within the inhibition of § 590 of *The Code,* and the exception is, in form, vague and indefinite, it cannot be entertained.

*Second Exception.*—The defendant objects to the allowance of claims for costs incurred and unpaid in divers actions decided against the executors, due the officers of the Court; as made without evidence of the liability of the testator's estate therefor. The exception embraces the series of cases in the referee's findings of fact which are seen under the words, "claims of officers of the Court." The referee bases his findings upon the inspection of the records of the Court in which the present action is depending, and in which are entered up the judgments. We are at a loss to understand the objection, that *there is no evidence* of these claims, unless it be that they cannot be preferred against the testator's estate. The designation of the claimants under the term used, "officers of the Court," sufficiently points out the Clerk, to whom payment is to be made, and, in some instances, the more indefinite expression is used, "the Clerk's office," under which may issue an execution for collection. *Clerk's Office* v. *Allen,* 7 Jones, 156, citing several cases; *Jackson* v. *Maultsby,* 78 N. C., 174; *Clerk's Office* v. *Huffsteller,* 67 N. C., 449.

*Third Exception.*—The answer to this exception is furnished in § 422 of *The Code,* which confers upon the referee

the power he exercised in admitting new parties to the action.

*Fifth, Sixth and Seventh Exceptions.*—The amendments allowed remove the ground of exceptions, thus numbered, that there is a variance between the allegations and proofs

*Eighth Exception.*—The same answer applies to this variance, but it is wholly immaterial that an uninterested party is united with the true owner of the debt, since a reception of payment by either would be with the assent of the other, their association, as joint creditors, being wholly voluntary. But if there be any deficiency from misdescription, it is remedied by the amendment authorized.

*Ninth Exception.*—The same disposition which is made of the second, must be made of this exception.

*Tenth Exception.*—The finding to which this exception is taken is, that there is a credit of fifty dollars endorsed on the judgment, as paid by the executor, W. S. Sudderth, to J. R. Martin, on March 15, 1880, not quite ten years after its rendition, and that executions have been, within the space of three years, regularly thereafter issued. If, as we must infer to make the findings self consistent, the judgment was duly docketed, the continued issue of the executions will preserve the vitality of the debt, thus ascertained, without the aid of the effect of a partial payment in recognition, and hence the only consequence is a reduction of the debt, of which the defendant cannot complain.

*Eleventh Exception.*—The last exception is not in a form to be available. The application should have been for an order upon the referee, to be enforced, if necessary, to report all the evidence taken; and if this had been denied, it would be error, for some of the exceptions grew out of the evidence. The exception is, that *all* is not reported, not that none has been, and as this is a matter of fact, not of law, it must be understood that the exception arises out of a misapprehension of fact that any portion of the evidence has been with-

held.   At least, as it does not appear that what is reported is not the whole, we must attribute the action of the Court to the absence of any evidence of its being partial.

The main essential matter in controversy, withdrawn from the referee and submitted, as matter of law, to the determination of the Court, is the defence set up under the statute of limitations, and this is dependent upon the facts reported.   It is to be observed that all the judgments disputed were rendered since the limitations prescribed in the Code of Civil Procedure have become operative and controlling.

The ruling of the Court upon the reserved matter of defence is, that the claims of Little and Hallyburton, already decided not to be valid and subsisting against the testator's estate, even if they were so, are barred by the statute of limitations, and cannot, for this reason also, be now asserted, and that the recovery of none of the other demands preferred by creditors is obstructed by the statute. There are no specific exceptions entered and appearing in the record to the rulings of the Judge upon the reserved matter of the application of the statute, *as, properly, there should be,* to make the decisions reviewable.   But, instead, it is stated in the case on appeal, signed by the Judge, that errors are assigned in the overruling of the exceptions of the defendant, and the adverse rulings upon the statutory defence arising out of the lapse of time, and that error is assigned by the appellants, Little and Hallyburton, in the adverse rulings as to their demand against its validity as such, and in applying the statutory bar to it.   In disposing of the application of the statute to the several disputed judgments, it will be noticed that, as to most of them, leaving out of view the time in which there was no personal representative to sue, there have been issued, regularly executions to enforce them, within intervals of three years, since their rendition;

103—10

the only exceptions to which are the claims of Hallyburton for surveying work, that of Allen Berry, whose recovery was at Spring Term, 1881, of the Court, and that of James Harper, whose recovery was at Spring Term, 1869.

The two first excepted claims are not within the bar, and, in our opinion, the last is in the bar, and must be rejected. The ruling which applies the bar to the claim of Little and Hallyburton becomes immaterial, in view of the ruling against it, as a demand for which the estate is not liable.

As the action, in its amended form, seeks to enforce proceedings on the part of the defendant against those to whom have come the lands of the deceased testator, they, as interested in reducing the demands of creditors, should have been made parties thereto, so that they might interpose any such defences as would be made against them, and thus diminish the liabilities to which the real estate is exposed; and this should be in order to any ulterior action under the law for the sale of the land.

But we are informed by counsel that the defendant has already instituted an independent proceeding for this purpose. Should it get into the same jurisdiction as the present cause, it would be a proper case for a consolidation into one. Otherwise, and until the terre-tenants are made parties to this, it must terminate upon the adjudication of the matters herein embraced.

With the correction of the error in admitting into the list of debts that of James Harper's executors, the judgment must be affirmed.

Defendant's appeal.                Modified and affirmed.

Plaintiffs' appeal.            .                No error.