F. D. KOONCE v. J. J. PELLETIER et al.

*Action on Administration Bond — Breach — Summons, Alias and Pluries—Statute of Limitations.*

1. A failure to keep up the chain of summonses issued against a party, by means of an alias and pluries summons, is a discontinuance as to such party, and if a summons is served after a break in the chain it is a new action as to him, and the running of the statute of limitation is not arrested until the issuance of the summons so served.

2. Where administrators filed their final account on the 23d August, 1883, and an action was begun on the 5th March, 1888, against the administrator and sureties for a breach of the bond, and one of the sureties, A, was not served with the original summons, and no succession of alias and pluries summonses was kept up, and a summons issued in February, 1891, of which a pluries was served in March, 1892: *Held*, that the issuance of the latter summons was the commencement of a new action as to A.

3. Where a complaint alleges as the cause of action the breach of a bond and the statute of limitations is pleaded, it is incumbent on the plaintiff to show that the breach was within three years before the commencement of the action.

4. A notice issued by a referee appointed to state an administrator's account, and served upon a surety on the administrator's bond to appear before him, no order having been made to make such surety a party, was not legal process effective to bring him into Court, or to arrest the running of the statute of limitations.

CIVIL ACTION, tried at Fall Term, 1893, of ONSLOW Superior Court, before *Bryan, J.*, upon an agreed statement of facts, of which those most material are stated in the opinion of Associate Justice CLARK.

*Mr. J. B. Batchelor*, for plaintiff (appellant).
*Mr. P. H. Pelletier*, for defendant.

CLARK, J.: The administrators filed their final account on the 23d of August, 1883. An action was begun on the 5th of March, 1888, against them and the sureties on their bond for the non-payment of a judgment in favor of the plaintiff relator which had been obtained against their intestate. The summons was not served on the appellee, one of the sureties on the bond, nor was there a chain of alias and pluries summonses kept up against her. On the 11th of February, 1891, a summons was issued against her, and a succession of summonses was kept up until she was served, on the 15th of March, 1892. · The failure to keep up the chain of summonses was a discontinuance of the action as to her. *Ethe-*

*ridge* v. *Woodley*, 83 N. C., 11; *Penniman* v. *Daniel*, 91 N. C., 431. This is, therefore, a new action as to her, or at most a notice under section 223 of *The Code*, which was begun on 11th of February, 1891. In either case the statute ran till that date. *Rufty* v. *Claywell*, 93 N. C., 306. The complaint alleged a breach of the bond by a demand and a refusal to pay the debt. The defendant pleads the three years statute of limitation. *Code*, § 155 (6). Being pleaded, it was incumbent upon the plaintiff to show that the breach of the bond was within less than three years before the institution of this action against the appellee. *Hussey* v. *Kirkman*, 95 N. C., 63; *Moore* v. *Garner*, 101 N. C., 374; *Hobbs* v. *Barefoot*, 104 N. C., 224; *Nunnery* v. *Averitt*, 111 N. C., 395. This was not done, and the surety is protected by the lapse of three years after demand and refusal. *Norman* v. *Walker*, 101 N. C., 24; *Woody* v. *Brooks*, 102 N. C., 334; *Kennedy* v. *Cromwell*, 108 N. C., 1; *Brawley* v. *Brawley*, 109 N. C., 524. In the original action against the administrators, in which this defendant was not served with summons, the referee nevertheless had a notice served upon her on the 25th of May, 1889, to appear at the hearing before him. She did not appear, and this notice to one not brought into Court by legal process was of no effect. It is true the referee had power to make additional parties. *Code*, § 422; *Perkins* v. *Berry*, 103 N. C., 131. But this was not an amendment making an additional party. It did not purport to be such. It was simply a notice served on one who had not been served with process to appear before the referee without any order to make her a party. But had it been otherwise, the making her a party on the 25th of May, 1889, would not affect the principle above laid down. It does not appear that the breach of the bond was within three years prior to that date.

Affirmed.