### SMITH v. CARR.

#### (Filed April 23, 1901.)

PRINCIPAL AND SURETY — *Contribution* — *Presumption* — *Parol Evidence.*

> Co-principals and co-sureties are presumed to assume equal lia-
> bility, but this presumption may be rebutted by parol evi-
> dence.

ACTION by John W. Smith against J. S. Carr and the Gold-
en Belt Hoisery Company, heard by Judge *W. A. Holce* and a
jury, at October Term, 1900, of DURHAM County Superior
Court. From a judgment for the defendant, the plaintiff
appealed.

*Boone, Bryant & Biggs,* for the plaintiff.

*Manning & Foushee, Guthrie & Guthrie,* for the defendant
Carr.

COOK, J. A careful investigation of the exceptions taken
to the charge given to the jury by his Honor, and his refusal
to give the instructions prayed for, fails to discover any error
The counter-claim, which is the subject of this controversy
now before us, pleaded by defendant Carr, grows out of a loan
of $10,000 made to the defendant company by the Wachovia
National Bank upon the suretyship and endorsement of plain-
tiff and defendant Carr, who were stockholders and officers of
said company. The original sum (as was evidenced by their
note) was reduced to $3,500 by payments made by the com-
pany. For this residue, a renewal note was given by the
company and signed by plaintiff and Carr in the following
form and words:

"Durham, N. C., Dec. 17, 1897. Four months after date
we, Golden Belt Hosiery Company, promise to pay to the

order of J. A. Gray, cashier, thirty-five hundred dollars, with interest after maturity until paid, interest to be paid semi-annually, in advance, negotiable and payable at Wachovia National Bank, Winston, N. C., for value received. The parties agree to take no advantage of any agreement for indulgence after maturity.

> "GOLDEN BELT HOSIERY COMPANY.
> "J. OTHO LUNSFORD,
>                    "Secretary and Treasurer.
> "J. S. CARR,
> "J. W. SMITH.

On back: "J. S. Carr, J. W. Smith."

Upon its maturity the company was unable to pay, and defendant Carr paid it out of his own money, and in this action demands of Smith one-half of the sum so paid by him, in contribution of the moiety due to him as a co-surety Smith denies his liability to Carr upon two grounds, viz: First, that when he signed the original note for $10,000 with Carr and at his request, Carr promised to hold him harmless from loss, and, secondly, that by the form and terms of said note Carr is not a co-surety with him, but a co-principal with the company.

The questions of fact involved in these two contentions were submitted to the jury upon the evidence introduced pro and con (to which there was no exception) and found in favor of defendant Carr, which is conclusive, and the verdict must stand unless the jury were erroneously instructed by the Court.

The 1st, 2d, 3d, 4th and 8th exceptions taken to the charge of the Court relate to the joint ability; the 5th, 6th and 9th, for refusing to give instructions as prayed for, relate to the same subject. The charge as excepted to fully appears in the following paragraph:

"As to the counter-claim: The law presumes that persons who engage in a common venture assume an equal liability; and it appearing that the defendant Carr and the plaintiff Smith formed and organized the defendant Golden Belt Hosiery Company as a corporation, and when the said corporation required money to carry on or enlarge its business, signed and endorsed notes and drafts for the benefit and accomodation of said corporation without consideration or benefit moving to either one of them, then there is presumption of law that each assumed a common and equal liability; and if one has paid a larger share than one-half, the other is liable in such sum as will make him equal. It is admitted that the Golden Belt Hosiery Company is the principal debtor, and the plaintiff, in order to rebut the presumption of cosuretyship, must prove to the satisfaction of the jury that he is supplemental surety, that he signed the note, not for the accommodation of the principal, but for the accommodation of the defendant Carr, or at the request of and by agreement with the defendant Carr, that he, the said Carr, would protect the plaintiff from any liability on said notes, and unless the plaintiff has so satisfied the jury, they will answer the issue 'Yes,' and proceed to ascertain the amount."

The correctness of this charge can not be successfully challenged. The form and manner in which the note was drawn and signed were not conclusive as to the relations of the parties to the contract. Upon the face of the note, they both appear to be co-principals and co-endorsers—their liability was assumed gratuitously; and the fact that Carr was the first to sign does not put upon him a greater burden than upon him who signed next, "and," as is said by HALL, J., in *Daniel v. McRae,* 9 N. C., on page 601, "on that account when made, a *prius* or *posterius* gave no rule of liability." However, their relations to it, whether as principal or surety, when questioned, become a matter of *fact* to be established by evidence, either written or oral, and found by the jury.

SMITH *v.* CARR.

In *Williams v. Glenn,* 92 N. C., 253, the note (under seal) was made with "Williams *as principal*" and Boyden and Glenn *"as sureties,"* yet as between the obligors the Court held that *parol* evidence was admissible to show that Boyden and Glenn were *co-principals,* and that the rule of contribution obtained among them. While all of the makers may appear as principals upon the face of the paper, or some principals and some sureties, yet it may be shown that while appearing as principals they were *in fact* sureties, or some principals and others sureties; and upon the establishment of the fact of co-suretyship, the right of contribution follows.

The rule of contribution is founded upon the maxim that "equality is equity," and not upon contract. It is a rule of common justice whereby parties who undertake to account for the default or miscarriage of another, should equally bear the burden imposed by a failure of their principal. As between them, there is no agreement implied, but an equit-able presumption raised by the fact of the payment by one, that the others will equalize the burden thus borne by him, by paying to him such sum as will make the loss equal upon each, which *can* be rebutted by showing that there was an agreement, whether verbal or written, to the contrary (Brand on Suretyship and Guaranty, Vol. 1, sec. 261) as was charged by his Honor, of which the plaintiff can not complain, as it was one of his positive contentions.

As to the question raised by the seventh exception: We are unable to see that these two notes have any relevancy other than as evidence in corroboration of plaintiff's testimony concerning the special agreement, alleged to have been made when he signed the original note for $10,000, and for that purpose they were submitted to the jury, and the jury were so charged by the Court. They show upon their face that Carr signed as *co-principal* and *also* as co-endorser with plaintiff, which was some evidence in corroboration of Smith's

testimony as to the alleged special agreement. Their mate-
riality, however, is limited to the evidence. They are not
*subjects* of this controversy. The counter-claim is not based
upon *them,* but upon the $3,500 note. They appear to have
been the *means by which* the defendant Carr raised the money
with which he paid off the $3,500 note; he has paid these
two notes, and no loss has or can befall Smith on their account.
They bear no relation to the subject of the counter-claim. If
Carr had raised the money upon his note with the endorse-
ments of strangers to this transaction, and with that money
had paid off the $3,500 note, surely the relations between
Smith and Carr would have remained unchanged. And the
same effect would have existed had Carr paid the note in full
when due out of his own money without the intervention of a
loan from or by any one at all.

The questions of fact have been found by the jury, and,
no error appearing in the charge or rulings of his Honor,
the judgment entered below must be

Affirmed.