BOARD OF COMMISSIONERS OF DAVIDSON COUNTY v.
T. S. F. DORSETT et al.

(Filed 18 November, 1909.)

1. Principal and Surety — Sureties — Justification — Different
Amounts—Contribution.

Contribution between sureties upon a sheriff's bond, as it
relates to their rights between themselves alone, rests upon the
principle that "equality is equity," and though they may have
justified in different amounts, upon the same bond for the same
penalty, the burden must be borne by them in equal proportions,
in the absence of evidence tending to show that they had other-
wise agreed among themselves.

2. Same—Interpretation of Statutes.

In an action wherein judgment had been rendered in a certain
sum against an ex-sheriff and the sureties on his bond, and con-
tinued to determine the liability of the sureties among them-
selves, who had justified at the foot of the bond in different
amounts. Held, the intendment of Revisal, sec. 310, was to pro-
vide a statement under oath to show the solvency of the sureties
and afford information to the county commissioners under like
sanction that the aggregate amount of the bond equaled the
penalty required, and does not affect the doctrine of contribution
as it relates to the rights of the sureties to contribution between
themselves.

3. Appeal and Error—Sureties—Contribution—Procedure—Final
Judgment.

Ordinarily, a court is not permitted to determine the rights to
contribution between the sureties on a bond until there has been
payment made in excess of the rightful proportion; but as the
matter presented in this appeal was the lower court directing
execution on a judgment theretofore obtained against the princi-
pal and sureties on his bond, the order of the lower court suffi-
ciently partakes of the nature of a final judgment for the Supreme
Court to express its opinion.

APPEAL from E. B. Jones, J., April Term, 1909, of DAVIDSON.

Civil action, to determine the relative liabilities of sureties,
by reason of a judgment on the official bond of their principal, a
former sheriff of Davidson County. From the judgment of the
court, H. C. Grubb, one of the sureties, having excepted, ap-
pealed.

Walser & Walser for appellant.
Other parties not represented.

HOKE, J. At a former term of the Superior Court, judgment
had been duly rendered in favor of plaintiffs on the official bond
of defendant T. S. F. Dorsett, a former sheriff, and his sureties,
for the penalty of the bond, to-wit, $30,000, to be discharged on

the payment of $10,879.82, the amount of the default. The cause having been continued for further orders and decrees, and to determine the liability of the sureties as among themselves for the amount of such default, on the hearing it appeared that the bond had been executed for $30,000 by the defendant sureties, and at the time same was executed and accepted said sureties had justified thereon for different amounts, that of appellant Grubbs being for $15,000 and the others for smaller sums; the form of said justification being as follows:

"The undersigned, each for himself, maketh oath that he is a resident of North Carolina and worth over and above his liabilities and his property exempted by law, the sum set opposite his name."

On these facts the court adjudged that the defendant sureties, as between themselves, were "responsible in proportion to the amount each had justified for at the bottom of the bond, and not liable for equal amounts," and in this there was error. The doctrine of contribution between persons under a common obligation of this character rests upon the principle that "equality is equity"; and while such persons may change or regulate the application of the principle as among themselves by a binding agreement to that effect, in the absence of such an agreement and any and all evidence tending to establish it, the general doctrine must be allowed to prevail and the burden must be borne in equal proportion. *Smith v. Carr,* 128 N. C., 150; Adams Eq., 269-270; Beach on Mod. Eq. Jurisprudence, sec. 822 *et seq.*

In the citation to Adams Eq., just made, it is said: "The right of contribution arises among sureties, where one has been called on to make good the principal's default and has paid more than his share of the entire liability. If all the sureties have joined in a single bond, the general rule, in the absence of any express or implied contract, is that of equality. If their liabilities have been created by distinct bond, the contribution is in proportion to their respective penalties."

Nor is the principal in any way affected by the fact that the sureties have justified at the foot of the bond in different amounts. This is an official requirement, which is not contractual in its nature as between the parties, but a perusal of the statute (Revisal, sec. 310) gives clear indication that its chief purpose is to provide a statement, under oath, that the surety is worth the specified amount over and above his debts and liabilities and homestead and personal property exemptions, and to afford information to the commissioners, under like sanction, that the aggregate of the amounts will equal the penalty required by the law.

It may be well to note that we speak throughout of the rights of the sureties as between themselves. In respect to the obligees in the bond, the State or county or any relator having a legal demand to enforce, the general rule is that the entire penalty of the bond, when required, is collectible against all or any one of the sureties.

Ordinarily a court is not permitted to determine questions of the kind presented here until there has been payment made in excess of the rightful proportion; but as the matter is for the purpose of directing execution on a judgment heretofore rendered, the order so far partakes of the nature of a final judgment that we have determined to express the opinion of the Court on the facts as presented.

There is error in the judgment of the court below, and the burden will be borne equally among the parties liable.