E. J. GODWIN ET ALS. v. B. H. JERNIGAN.

(Filed 19 September, 1917.)

**1. Reference—Exceptions—Trial by Jury—Issues—Waiver.**

A party who has excepted to a compulsory reference and to the report of the referee must also file the issues upon which he demands a trial by jury; and when he does so after the report has been filed and received, without leave of court, it is too late to preserve the right to a jury.

**2. Actions—Misjoinder—Pleadings—Demurrer Ore Tenus.**

Objection to the misjoinder of parties or of causes of action must be taken by answer or demurrer in the trial court, or the objection is waived. Rev., 478.

APPEAL by defendant from *Stacy, J.,* at February Special Term, 1917, of HARNETT.

*Clifford & Townsend for plaintiffs.*
*R. L. Godwin and E. F. Young for defendant.*

CLARK, C. J. This cause was tried in the recorder's court of Dunn. On appeal, there was a compulsory reference. On the filing of the referee's report, 8 November, 1915, exceptions were filed by the defendant thereto, but no issues were formulated to secure a jury trial, as required under our practice. *Driller Co. v. Worth,* 117 N. C., 515; *Ogden v. Land Co.,* 146 N. C., 443. On 16 June, 1916, the defendant filed the issues, but without leave of court. This was too late.

Upon the hearing of the exceptions to the referee's report at February Term, 1917, the defendant demurred *ore tenus,* and for the first time, upon the ground that there was misjoinder of parties and a misjoinder of causes of action. This objection was not interposed in the recorder's court nor in the Superior Court, either by answer or demurrer. Revisal, 478, provides: "If no such objection (for misjoinder or other objection appearing upon the face of the complaint) be taken either by demurrer or answer, the defendant shall be deemed to have waived the same, excepting only the objection to the jurisdiction of the court, and the objection that the complaint does not state facts sufficient to constitute a cause of action." The demurrer *ore tenus* therefore also came too late. *Cooper v. Express Co.,* 165 N. C., 538; *Kochs v. Jackson,* 156 N. C., 326; *Hocutt v. R. R.,* 124 N. C., 214; *Mining Co. v. Smelting Co.,* 99 N. C., 462, and citations in Pell's Revisal to section 478.

The exceptions to the referee's report were to the findings of fact, and the action of the judge in overruling such exceptions is not reviewable when, as here, there is evidence. Pell's Revisal, 525, and citations.

Affirmed.