STATE PRISON v. MASSACHUSETTS BONDING AND INSURANCE COMPANY AND STATE PRISON v. NATIONAL SURETY COMPANY.

(Filed 27 October, 1926.)

1. **Roads and Highways—Laborers—Material—Statutes—Notice.**

The provisions of chapter 160, sec. 3, Public Laws of 1923, are prospective in effect, requiring among other things, that written notice of the subcontractor's claim for labor and material used in the construction of a State highway, be furnished to the State Highway Commission, etc., and has no application where the labor done and the materials furnished were prior thereto, except as to suits pending.

2. **Pleadings—Demurrer—Statutes—Remedy.**

An amendment to a statute which affects the remedy should be taken advantage of by answer and not by demurrer.

3. **Roads and Highways—Materialmen and Laborers—Contracts—Principal and Surety—State's Prison.**

Where a contractor with the State Highway Commission for the building of a State highway contracts among other things, to pay for the labor

and material therein used, the surety on his bond becomes liable therefor when its bond is conditioned upon the faithful performance by the contractor of his obligation under his contract, and that he "will well and truly pay all and every person furnishing materials or performing labor in or about the construction of the said roadway," and applies to convicts and materials furnished for the work by the State's prison.

**4. Principal and Surety—Equity—Equality of Liability—Roads and Highways—State Highway Commission—State's Prison — Laborers and Materialmen.**

Where a contractor with the State Highway Commission has furnished a bond sufficient for the protection of laborers on and material furnished for a State highway, and the contractor has contracted with the State's prison to furnish him convict labor for the work, and having defaulted under his contract for the erection of the highway, owes for the work and labor done thereon, the equitable doctrine of equality will apply, and each surety will be equally liable with the other, the doctrine of primary and secondary liability among the sureties not applying.

Appeal by Massachusetts Bonding and Insurance Company from *Barnhill, J.*, at April Term, 1926, of Wake.

Civil actions to recover on two surety bonds, consolidated by consent, and tried on the following issues:

"1. Did the plaintiff, the State Prison, do and perform the work contracted to be done for Porter & Boyd, as set out in contract offered in evidence? Answer: Yes.

"2. If so, what amount, if anything, is due therefor? Answer: $5,389.53."

From a judgment on the verdict for plaintiff, in which it was adjudged that the liability of the Massachusetts Bonding and Insurance Company was primary, and that of the National Surety Company secondary, the Massachusetts Bonding and Insurance Company appeals, assigning errors.

*Attorney-General Brummitt and Assistant Attorney-General Nash for plaintiff.*

*Flowers & Boyd and Ruark & Fletcher for defendant, Massachusetts Bonding and Insurance Company.*

*S. Brown Shepherd for defendant, National Surety Company.*

Stacy, C. J. On 23 January, 1922, Porter & Boyd, Inc., road contractor, entered into a written agreement with the State Highway Commission to construct a section of road in Mitchell County, known as Project No. 856, in which it was stipulated, among other things, that, for and in consideration of the price agreed upon, the contractor was "to furnish and deliver all the materials and to do and perform all the

work and labor in the improvement" of the said section of highway; and to insure a faithful compliance with the terms and conditions of the said contract in all respects, on the part of the contractor, the State Highway Commission took from the contractor, as principal, and the Massachusetts Bonding and Insurance Company, as surety, a bond in the sum of $99,570.00, conditioned for the faithful performance of the contract; also to "save harmless the State Highway Commission of North Carolina from any expense incurred through the failure of said contractor to complete the work as specified," and "well and truly pay all and every person furnishing material or performing labor in and about the construction of said roadway."

Preparatory to carrying out its contract with the State Highway Commission on the project above mentioned, Porter & Boyd, Inc., entered into a written agreement with the State prison in which it was stipulated, among other things, that for a certain consideration, the plaintiff would lease or "hire to the party of the second part a number of State convicts varying from sixty to seventy-five (as agreed upon from time to time) to be used in the quarrying of rock and building of State highways in Mitchell County"; and to insure the faithful performance of this contract, the State prison took from Porter & Boyd, Inc., as principal, and the National Surety Company, as surety, a bond in the sum of $5,000.00, conditioned as follows:

"Now, therefore, the condition of this obligation is such that if the party of the second part shall faithfully perform the contract on his part, and satisfy all claims and demands, incurred for the same, and shall fully indemnify and save harmless the party of the first part from all cost and damage which he may suffer by reason of failure so to do, and shall fully reimburse and repay the party of the first part all outlay and expense which the party of the first part may incur in making good any such default, then this obligation shall be null and void; otherwise, it shall remain in full force and effect."

The contractor defaulted under its contract with the State prison and also under its contract with the State Highway Commission.

Suits were instituted by the State prison to hold both bonds liable to the extent of $5,389.53, the amount due by the contractor for labor of the leased convicts and unpaid at the time of its failure. The two actions were consolidated and tried as one, resulting in a verdict and judgment as above stated.

*In limine,* the Massachusetts Bonding and Insurance Company demurs *ore tenus* to the complaint, on the ground that it does not state facts sufficient to constitute a cause of action, in that, it nowhere appears on the face of the complaint, by averment or otherwise, that the plaintiff has complied with chapter 160, sec. 3, Public Laws 1923, re-

quiring written notice of its claim to be presented to the State Highway Commission within six months after the completion of the said work, or be barred against recovering from said commission or any bondsman. In support of its position, the defendant relies upon the following authorities: *Dockery v. Hamlet,* 162 N. C., 118; *Board of Ed. v. Greenville,* 132 N. C., 4; *Dayton v. Asheville,* 185 N. C., 12.

. With respect to the demurrer, it is sufficient to say that the bonds and contracts in suit were executed prior to the time section. 3 of the act above mentioned became effective (3 September, 1923), and it is apparent that the provisions of this amendatory statute were intended to be prospective, and not retrospective, in operation. See *Humphrey v. Stephens,* 191 N. C., 101, and *Hicks' v. Kearney,* 189 N. C., 316. Hence, if intended to affect the right of action, and necessary to be pleaded, we think the provision must be held nonapplicable to the instant case. *Comrs. v. Blue,* 190 N. C., 638. To hold otherwise would threaten the constitutionality of the section. 25 R. C. L., 789. On the other hand, if it were intended to affect only the remedy, it may be taken advantage of by answer and not by demurrer. In either event, the demurrer must be overruled. *Brick Co. v. Gentry,* 191 N. C., 636.

The contention of the Massachusetts Bonding and Insurance Company that furnishing or supplying labor for the work in question by the State prison, under the circumstances disclosed by the record, is not within the terms of the bond executed by it as surety, must be resolved against the bonding company on authority of what was said in *Aderholt v. Condon,* 189 N. C., 748, *Town of Cornelius v. Lampton,* 189 N. C., 714, and *Scheflow v. Pierce,* 176 N. C., 91.

We also think it is clear that the National Surety Company is equally liable to the plaintiff, to the extent of its bond, for the payment of the contractor's debt. The contractor agreed to pay plaintiff for the labor furnished or supplied, and the National Surety Company obligated itself as surety to be bound until the contractor should "faithfully perform the contract on his part," i. e., pay for the labor so furnished or supplied. *Mfg. Co. v. Andrews,* 165 N. C., 285.

We then have a case of one debt secured by two bonds. *Comrs. v. Dorsett,* 151 N. C., 307; *Smith v. Carr,* 128 N. C., 150; Adams Equity, 269-270. In the citation to Adams Equity, just made, it is said: "The right of contribution arises among sureties, where one has been called on to make good the principal's default and has paid more than his share of the entire liability. If all the sureties have joined in a single bond, the general rule, in the absence of any express or implied contract, is that of equality. If their liabilities have been created by distinct bonds, the contribution is in proportion to their respective penalties."

It was error to hold that the liability of the Massachusetts Bonding and Insurance Company was primary and that of the National Surety Company secondary.

Let the cause be remanded, to the end that judgment may be entered in accordance with the law as declared herein. The costs will be divided between the two defendants.

Remanded.