J. R. SHEFFIELD, W. E. SHEFFIELD AND M. L. SHEFFIELD, PARTNERS, TRADING AS SHEFFIELD BROTHERS, v. PERRY M. ALEXANDER AND J. E. PATTON, INDIVIDUALLY AND AS PARTNERS, DOING BUSINESS AS ALEXANDER & PATTON, AND NATIONAL SURETY COMPANY.

(Filed 21 December, 1927.)

**Appeal and Error—Objections and Exceptions—Parties—Causes of Action —Misjoinder—Statutes.**

In order to review the action of the referee in permitting amendments to pleadings and the making of new parties, C. S., 576, and contending successfully on appeal that there was a misjoinder of parties and causes of action, it is required that the appellant should have excepted in apt time and have preserved his exceptions or they will not be considered on appeal to the Supreme Court.

APPEAL by National Surety Company from *Harding, J.,* at November-December Term, 1926, of HAYWOOD.

Civil action instituted by J. R. Sheffield, W. E. Sheffield and M. L. Sheffield, partners, trading as Sheffield Brothers, against Perry M. Alexander and J. E. Patton, partners, doing business as Alexander & Patton, and the National Surety Company, to recover on the bond given by the individual defendants as principals, and the National Surety Company as surety, for materials furnished and labor done on State Highway Project No. 940 in Haywood County. Various parties filed interpleas to recover on the same bond, all of which have been disposed of except the interpleas filed by W. H. Porter and W. H. Porter and Wiley Davis.

By consent the cause was referred under the statute to Hon. S. W. Black, who, in accordance with the usual course and practice, found the facts and reported the same, together with his conclusions of law, to the court. On exceptions duly filed, and after hearing had thereon, the report of the referee, with respect to the claims of W. H. Porter for $365, and W. H. Porter and Wiley Davis for $1,271.33, the only ones questioned by the appeal, was approved by the judge of the Superior Court. The National Surety Company appeals, assigning errors.

*Mark W. Brown for National Surety Company.*
*Rollins & Smathers for W. H. Porter et al.*

STACY, C. J. Over objection of the National Surety Company the referee allowed Wiley Davis to come in as a party plaintiff and adopt the complaint previously filed by his copartner, W. H. Porter. The authority of the referee to allow amendments to pleadings and to make new parties is expressly given by C. S., 576. *Rosenbacher & Bro. v.*

*Martin,* 170 N. C., 236, 86 S. E., 785; *Blanton v. Bostic,* 126 N. C., 418, 35 S. E., 1035; *Koonce v. Pelletier,* 115 N. C., 233, 20 S. E., 391.

It is contended by the National Surety Company that by the amendment above mentioned a new and independent cause of action was thereby introduced, entitling it to have the proceeding dismissed on demurrer because of a misjoinder of both parties and causes of action. *Bank v. Angelo,* 193 N. C., 576, 137 S. E., 705. It is sufficient to say, in answer to this position, that the record shows no more than a simple objection and exception noted at the time, and neither the referee nor the judge of the Superior Court was asked to rule upon the question now sought to be presented. The demurrer, upon the ground stated, comes too late. *Godwin v. Jernigan,* 174 N. C., 76, 93 S. E., 443; C. S., 518.

Nor is there any exceptive assignment of error properly raising the question, debated on brief, as to whether the bringing in of Wiley Davis as a party plaintiff so changed the original cause of action instituted in the name of W. H. Porter alone, as to bar a recovery on the ground that said claim was not presented within the time allowed by the statute. Chapter 160, sec. 3, Public Laws 1923; *State Prison v. Bonding Co.,* 192 N. C., 391, 135 S. E., 125. But even if the question were before us, it would seem that C. S., 547, is broad enough to warrant the action of the referee in allowing the amendment, which was later approved by the judge of the Superior Court. 20 R. C. L., 920; 30 Cyc., 567.

A careful perusal of the record leaves us with the impression that the cause has been heard and determined substantially in accord with the principles of law applicable and that the judgment ought to be upheld.

Affirmed.